## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

JUAN CARLOS SIMONS BURGOS

MICHELLE DIAZ PINERO

          Debtor(s)

CASE NO. 13-04282 BKT

Chapter 11

FILED & ENTERED ON 5/12/2014

## OPINION AND ORDER

On April 1, 2014, this Court entered an order affording all parties in interest the opportunity to state their position as to whether the captioned case should be converted or dismissed as a result of Debtors' Juan Carlos Simons Burgos and Michelle Diaz Pinero (collectively "Debtors") failure to timely file a disclosure statement and plan. [Dkt. No. 116]. Pursuant to that Order, Debtors filed a Motion in Compliance with Court Order at Docket 116 [Dkt. No. 118], the United States Trustee's Position [Dkt. No. 120] ("Trustee"), Motion in Compliance of Order and Requesting Extension of Time [Dkt. No. 119] filed by Creditor, Oriental Bank ("Oriental" or "Creditor"), and Supplement to Oriental's Motion to Inform its Position, as to Dismissal or Conversion of the Case, and in Compliance with Court Order Entered at Docket No. 116 [Dkt. No. 126] filed by Oriental. For the reasons set forth below, this case is DISMISSED.

### I.     Factual Background

On May 28, 2013, Debtors filed for relief under Chapter 11 of the Bankruptcy Code as a small business. A few months later, Debtors' case was dismissed for failure to comply with the court's order to file monthly operating reports. The Debtors then submitted a motion for reconsideration, and on October 24, 2013, the court granted the same.

As of April 1, 2014, three hundred and eight (308) days after the filing of the voluntary petition, the Debtors had yet to file a disclosure statement and plan pursuant to 11 U.S.C. § 1121(e)(2) & (3). On said date, the court entered an order affording all interested parties ten days to state their positions as to whether the case should be dismissed or converted to Chapter 7. Thereafter, the court received positions from the Debtors, the Trustee, and Oriental.

The Debtors argue that the 300-day period to file their plan has not lapsed. They contend that the fifty seven days between the August 29, 2013 dismissal and the October 24, 2013 order granting reconsideration should not be considered in the 300-day period's calculation. Debtors' further argue that their filing of monthly operating reports and negotiations with creditors demonstrates good cause to not dismiss the case. The Trustee and Oriental disagree.

The Trustee believes that the case should be dismissed, and Oriental agrees. Oriental notes that Debtors have demonstrated a trend of tardiness and unreasonable delay in complying with the Bankruptcy Code and the court's orders. Oriental argues that a discharge is a privilege, and Debtors' lack of statutory compliance is sufficient to justify their case's dismissal.

**II.     Legal Analysis and Discussion**

The issue before the court is whether Debtors' case should be dismissed for failure to file a plan within Section 1121's allotted 300-day time period. <u>See</u> 11 U.S.C. § 1121(e). Pursuant to 11 U.S.C. § 1121(e), in a small business case "the plan and a disclosure statement (if any) shall be filed not later than 300 days *after the date of the order for relief*." <u>See</u> 11 U.S.C. § 1121(e) (emphasis added). "This section establishes mechanisms for small business debtors to comply with the intent of Congress to provide an expedited, supervised procedure in which the rights of all parties in interest are protected throughout the reorganization process." <u>In re Sanchez</u>, 429 B.R. 393, 397

(Bankr.D.P.R.,2010).The statutorily prescribed term is effectively a "drop dead" period that is calculated from the date of order for relief.[1]

Debtors first argue that this case should not be dismissed as the statutorily prescribed period to file their plan has not expired. They reason that because the case was dismissed on October 24, 2013, the fifty seven days between dismissal and the granting of reconsideration should not be included in the 300-day period's calculation. This Court disagrees.

When interpreting a statute, the court must start with the statute's plain text. In re BankVest Capital Corp., 360 F.3d 291, 296 (1st Cir. 2004). "In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (citing Caminetti v. United States, 242 U.S. 470, 485, (1917)). The statutory language before us expresses Congress' intent to require all small business plans be filed 300 days from the order for relief.[2] If Congress had intended to provide an exception to the 300-day period's calculation, it could have easily done so. Likewise, Congress could have delineated tolling events for that 300-day period. However, the fact that no such language was included allows this Court to conclude none were intended. It is undisputed that the Debtors did not file their plan within 300-days after their order for relief. Therefore, Debtors have failed to comply with 11 U.S.C. § 1121(e)(2).

The Debtors may have prevented their case's dismissal or conversion by complying with 11 U.S.C. § 1121(e)(3). Section 1121(e)(3) makes clear that the only way to file a plan outside of the 300-day "drop dead" period is to comply with the following requirements:

---

[1]"The words 'order for relief' refer to the commencement of a voluntary petition for bankruptcy." In re Martinson, 731 F.2d 543, 544 n. 3 (8th Cir. 1984).

[2]This interpretation is further supported by the legislative history to Section 437 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which amended 11 U.S.C. § 1121(e), and specifically states that: "a small business

**(3)** the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended *only if--*
**(A)**the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
**(B)**a new deadline is imposed at the time the extension is granted; and
**(C)**the order extending time is signed before the existing deadline has expired.

See 11 U.S.C. § 1121(e)(3) (emphasis added). The Debtors argue that that their filing of monthly operating reports and negotiations with creditors demonstrates good cause to not dismiss the case. This in no way covers the aforementioned extension requirements. "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). Even if Debtors had made a Section 1121(e)(3) argument, the existing 300-day period has expired, making any Section 1121(e)(3) argument moot. As a result, Debtors have failed to file a disclosure statement and plan under statutorily prescribed period, making their case's dismissal appropriate.

**III. Conclusion**

WHEREFORE, IT IS ORDERED that the Debtors' case shall be, and it hereby is, DISMISSED.

In San Juan, Puerto Rico this 12th dayof May, 2014.

Brian K. Tester
U.S. Bankruptcy Judge

---

debtor *must* file a plan and any disclosure statement not later than 300 days *after the order for relief*." See H.R. REP. 109-31(I), 92, 2005 U.S.C.C.A.N. 88, 158 (emphasis added).